UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN DION MCGEE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAN BERNARIDNO COUNTY SHERIFFS, et al.,<br><br>　　　　　　Defendants. | Case No. 5:25-cv-00195-PA (SP)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER** |

**INTRODUCTION**

On January 22, 2025, Plaintiff, a prisoner, filed a Civil Rights Complaint and a Request to Proceed Without Prepayment of Filing Fees ("IFP request"). (ECF Nos. 1-2.) Plaintiff alleged that he was injured after slipping and falling in the prison shower, due to its design and condition. (ECF No. 1 at 2-3, 5.)

On January 30, 2025, the Court postponed ruling on the IFP request until Plaintiff provided more information. (ECF No. 4.) The Court advised Plaintiff that a slippery shower floor, by itself, was not a civil rights violation. (*Id*.) Accordingly, the Court ordered Plaintiff to file an Amended Complaint in which he alleged, if he could, exacerbating conditions such that the safety hazard posed a

serious, unavoidable threat to his safety. (*Id.*) The Court warned Plaintiff that the failure to comply with the order would result in dismissal of this case. (*Id.*)

On February 13, 2025, the Court's order was returned as undeliverable because Plaintiff is no longer in custody. (ECF No. 5.) On February 18, 2025, another order from the Court was returned as undeliverable for the same reason. (ECF No. 6.) Plaintiff did not provide an updated address.

As of this date, more than 30 days after the Court's order requiring an Amended Complaint on January 30, 2025, Plaintiff has not filed an Amended Complaint or communicated with the Court.

## DISCUSSION

**A.    Legal Standard.**

A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to prosecute or to comply with the court's order. *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962). Specifically, the failure of a plaintiff to comply with a district court's order to file an amended complaint is properly met with the sanction of dismissal under Rule 41(b). *Applied Underwriters, Inc., v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (collecting cases). "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).

"[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d at 986 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). A district

court's sanction of dismissal generally will be affirmed where at least four factors support dismissal or where at least three factors strongly support it. *Hernandez*, 138 F.3d at 399. As stated below, four of the five factors support dismissal.

### B. Analysis.

#### 1. The Public's Interest in Expeditious Resolution.

The first factor supports dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990.

#### 2. The Court's Need to Manage Its Docket

The second factor also supports dismissal. Plaintiff's failure to respond to the Court's Order interferes with the Court's ability to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. Arguably, Pagtalunan's petition has consumed some of the court's time that could have been devoted to other cases on the docket.") (internal citation omitted); *see also Irvin v. Madrid*, 749 F. App'x 546, 547 (9th Cir. 2019) ("The second factor also favors dismissal because the district court is in the best position to determine whether a particular set of circumstances interferes with docket management.").

#### 3. The Risk of Prejudice to Defendants.

The third factor also supports dismissal. The risk of prejudice is "related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. The record suggests no apparent reason for Plaintiff's failure to comply with or respond to the Court's latest Order. This indicates sufficient prejudice to Defendant. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay).

#### 4. The Public Policy Favoring Disposition of the Merits.

The fourth factor weighs against dismissal. "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against

dismissal." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *Hernandez*, 138 F.3d at 399). On the other hand, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228 (citations and quotation marks omitted). Thus, this factor alone does not preclude dismissal.

### 5.   The Availability of Less Drastic Alternatives.

The fifth factor supports dismissal. "Here the fact that the [Court] allowed [Plaintiff] an additional thirty days to amend his complaint . . . constituted an attempt at a less drastic sanction than outright dismissal." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court also warned Plaintiff that the failure to comply with the Court's Order to amend his Complaint would result in dismissal. *See Products Liability Litigation*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citing, *inter alia*, *Ferdik*, 963 F.2d at 1262 ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")). Despite the Court's warning, Plaintiff has failed to file an Amended Complaint.

### C.   Conclusion.

Four of the five factors support dismissal of the action for failure to comply with an Order of the Court. In sum, dismissal without prejudice is warranted.

### ORDER

It is ordered that the action is dismissed without prejudice. Fed. R. Civ. P. 41(b).

DATED: March 4, 2025

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE